IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | 4:08CV3174 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRUCE HOLCOMB, M.D., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

  The plaintiff filed his Complaint on August 15, 2008. (Filing No. 1.) The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I.  SUMMARY OF COMPLAINT

  The plaintiff filed his Complaint[1] on August 15, 2008, against seven individual medical professionals ("Medical Personnel") and nine individual officers ("Officers"). (Filing No. 1 at CM/ECF p. 1.) The plaintiff sues these defendants in their individual capacities. (*Id*.) The plaintiff alleges he is currently confined in the Cass County Jail. (*Id*. at CM/ECF p. 2.)

  Condensed and summarized, the plaintiff alleges that on August 19, 2006, Defendant Officers Von Behren, Reisbig, and Lucero willfully assaulted the plaintiff

---

[1]Plaintiff's Complaint alleges similar claims to those previously litigated in Case No. 8:06CV655. (Case No. 4:08CV3174, Filing No. 1; Case No. 8:06CV655, Filing No. 20.) However, liberally construing the current Complaint on initial review (case no. 4:08CV3174, filing no. 1), it appears to allege claims that were not decided on the merits in Plaintiff's prior case (case no. 8:06CV655).

while he was handcuffed. (*Id*. at CM/ECF p. 7.) The plaintiff specifically alleges he "was held by his hair while being carried," and "repeatedly" hit with a "maglite." (*Id*. at CM/ECF pp. 7, 20.) The plaintiff alleges that he sustained "a lacerated right eye," "abrasions on his abdomen," and "aggravation to a preexisting knee fracture." (*Id*. at CM/ECF pp. 7-8.) The plaintiff also alleges that "other officers" failed to protect him. (*Id*. at CM/ECF p. 7.) The plaintiff further alleges that the defendant officers acted with deliberate indifference towards the plaintiff's serious medical needs. (*Id*. at CM/ECF p. 6.)

After his arrest, the plaintiff alleges he was transported to "Immanuel Medical Center." (*Id*. at CM/ECF p. 8.) The plaintiff alleges that while he was at the medical center the defendant officers made "defamatory remarks" about the plaintiff and "distort[ed] the facts" by telling the defendant medical personnel that the plaintiff received his injuries from a car accident. (*Id*. at CM/ECF pp. 6, 8.) Thereafter, the plaintiff alleges that the defendant medical personnel failed to exercise "'reasonable care' . . . in diagnosing and treating his injuries" and acted with deliberate indifference to his serious medical needs. (*Id*. at CM/ECF p. 6.) Specifically, the plaintiff alleges the defendant medical personnel failed to properly ascertain his injuries because they denied him "neurological tests, Magnetic Resonance Imaging scan[s],CAT scan[s,] . . . [and] x-rays." (*Id*. at CM/ECF pp. 6, 12.) The plaintiff also alleges that the defendant medical personnel wrongfully used "Dermabond" to fix his right eye, and as a result, the plaintiff suffers from "excessive scarring" and "numbness." (*Id*. at CM/ECF pp. 18-21.) The plaintiff further alleges that the the defendant medical personnel failed to treat his knee, properly maintain medical equipment, hire qualified personnel, or establish policies for the care of patients in custody. (*Id*. at CM/ECF p. 6, 14-15.)

The plaintiff seeks "compensatory damages, punitive damages, reasonable attorney fees[,] . . . court costs, and . . . further relief as the [c]ourt deems equitable and just." (*Id*. at CM/ECF p. 20.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, the plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

3

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Failure to Protect Claim

The court liberally construes the plaintiff's Complaint to allege a failure to protect claim under a theory of bystander liability. Under this theory, an officer that fails to take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under § 1983. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *see also Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). To prevail on a failure to protect claim, under a bystander liability theory, a plaintiff must prove that the bystanding officer had a "reasonable opportunity to realize the excessive nature of the force and a reasonable opportunity to intervene and stop it." *Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 507 (W.D. La. 2001).

Here, the plaintiff alleges that "other officers"[2] failed to protect him when defendants Von Behren, Reisbig and Lucero allegedly assaulted the plaintiff. (Filing No. 1 at CM/ECF p. 7.) The plaintiff also alleges that the "other officers" acted with deliberate indifference towards the plaintiff's serious medical needs. (*Id*. at CM/ECF p. 6.) However, the plaintiff does not allege that the "other officers" were present during the alleged assault or that they had a reasonable opportunity to intervene and stop it. Because of this omission, the plaintiff has not alleged a cognizable failure to protect claim. However, on the court's own motion, the plaintiff shall have 30 days in which to amend his Complaint to clearly state a failure to protect claim against the "other officers." Any amended complaint shall restate the allegations of the plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

---

[2]The court liberally construes "other officers" to mean the officers named in the caption other than defendants Von Behren, Reisbig, and Lucero. (Filing No. 1 at CM/ECF p. 1.)

B.  Plaintiff's Excessive Force Claim Against Defendants Von Behren, Reisbig and Lucero

The court also liberally construes the plaintiff's Complaint to allege a claim against defendants Von Behren, Reisbig and Lucero under the Fourth Amendment. The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively [un]reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Here, the plaintiff alleges defendants Von Behren, Reisbig and Lucero carried him by his hair and "repeatedly" hit him with a "maglite." (Filing No. 1 at CM/ECF pp. 7-9, 20.) The plaintiff alleges these defendants "lacerated [his] right eye," caused "abrasions on his abdomen," and "aggravat[ed] . . . [his] preexisting knee fracture."

5

(*Id*. at CM/ECF pp. 7-8.) The court finds that these allegations are sufficient to nudge the plaintiff's excessive force claim against defendants Von Behren, Reisbig and Lucero across the line from conceivable to plausible. As a result, the plaintiff's excessive force claim against defendants Von Behren, Reisbig and Lucero may proceed. However, the court cautions the plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of the plaintiff's claims or potential defenses thereto. Because the court has granted the plaintiff 30 days to amend his Complaint, summonses will not be issued for the plaintiff's claims until after amendment of the Complaint as set forth in this Memorandum and Order.

### C. Plaintiff's Eighth Amendment Medical Claim Against the Defendant Medical Personnel

In addition to his other claims, the plaintiff asserts an Eighth Amendment claim relating to his medical care. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Here, the plaintiff alleges that he sustained "a lacerated right eye," "abrasions on his abdomen," and "aggravation to a preexisting knee fracture." (Filing No. 1 at CM/ECF pp. 7-8.) The plaintiff also alleges that defendant medical personnel failed

6

to exercise "'reasonable care' . . . in diagnosing and treating his injuries" and acted with deliberate indifference to his serious medical needs. (*Id*. at CM/ECF p. 6.) Liberally construed, the plaintiff has set forth enough facts to nudge his claims against the defendant medical personnel across the line from conceivable to plausible. As a result, the plaintiff's claims against the defendant medical personnel may proceed. However, the court cautions the plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of the plaintiff's claims or potential defenses thereto. Again, because the court has granted the plaintiff 30 days to amend his Complaint, summonses will not be issued for these claims until after the amendment of the Complaint.

IT IS THEREFORE ORDERED that:

1. The plaintiff's Fourth Amendment excessive force claims against Defendants Von Behren, Reisbig and Lucero, as well as the plaintiff's Eighth Amendment medical care claims against defendant medical personnel may proceed. However, no summonses will be issued until the plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

2. The plaintiff shall have until **December 12, 2008** to amend his Complaint to properly allege a failure to protect claim against the defendants. If the plaintiff fails to file an amended complaint, the plaintiff's claims against defendants E. Abramson, Officer Taylor, Chris Gordon, Sargent Kunze, Sargent Witherspoon and John T. Ukishma will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summonses will be issued for the plaintiff's excessive force and medical care claims only, in accordance with this Memorandum and Order.

3. In the event that the plaintiff files an amended complaint, the plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. No summonses will be issued until after the plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

5. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **December 12, 2008**.

6. The plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated November 12, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

8