IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3174 |
| | ) | |
| v. | ) | |
| | ) | |
| BRUCE HOLCOMB, M.D., in thier individual capacities, JOHN DOE, in thier individual capacities, LORI ANN NINEMAN, in thier individual capacities, PAMELA MARR, in thier individual capacities, SUSAN D., (US), in thier individual capacities, UNKNOWN, X-ray Technician, in thier individual capacities, ADELE TOMSEE, in thier individual capacities, OFFICER REISBIG, in thier individual capacities, OFFICER VON BEHREN, in thier individual capacities, DONALD LUCERO, in thier individual capacities, E. ABRAMSON, in thier individual capacities, OFFICER TAYLOR, in thier individual capacities, CHRIS GORDON, in thier individual capacities, SGT. KUNZE, in thier individual capacities, SGT. WITHERSPOON, in thier individual capacities, and JON T. UKISHMA, in thier individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON THE PLAINTIFF'S MOTION FOR RECONSIDERATION, FILING 15, |
| Defendants. | ) ) | |

The Plaintiff's Motion for Reconsideration, filing 15, will be granted.

I now shall recite the status of each of the plaintiff's claims.

### A. The Plaintiff's Failure to Protect Claim

My Memorandum and Order of November 12, 2008, noted on page 4 that "The plaintiff does not allege that the 'other officers' were present during the alleged assault or that they had a reasonable opportunity to intervene and stop it. Because of this omission, the plaintiff has not

alleged a cognizable failure to protect claim." I then gave the plaintiff 30 days to amend his complaint regarding the failure to protect claim. No amendment of the complaint has been made. Accordingly, the failure to protect claim against the "other officers," who are all named defendants except Officer Reisbig, Officer Von Behren, and Donald Lucero, will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### B. Plaintiff's Excessive Force Claim Against Defendants Von Behren, Reisbig and Lucero

On page 6 of my Memorandum and Order dated November 12, 2008, I said, "The court finds that these allegations are sufficient to nudge the plaintiff's excessive force claim against defendants Von Behren, Reisbig and Lucero across the line from conceivable to plausible. As a result, the plaintiff's excessive force claim against defendants Von Behren, Reisbig and Lucero may proceed." That claim remains viable today.

### C. Plaintiff's Eighth Amendment Medical Claim

The plaintiff's 78-paragraph complaint is far-flung, sometimes repetitious, sometimes specific, and sometimes so general that I cannot understand what is being asserted. I can make out only three persons who allegedly committed acts or omissions that could possibly be liable for medical shortcomings. They are Bruce Holcomb, M.D.; John Doe, a physician; and Lori Ann Nineman, R.N. Pamela Marr, R.N. is named but there is alleged against her nothing specific for which relief could be granted to the plaintiff in this lawsuit. In my Memorandum and Order dated November 12, 2008, at page 7 I said, "Liberally construed, the plaintiff has set forth enough facts to nudge his claims against the defendant medical personnel across the line from conceivable to plausible. As a result, the plaintiff's claims against the defendant medical personnel may proceed." No amendment to the complaint has been filed that could have more specifically identified the persons who constituted the "defendant medical personnel" who performed acts or omissions for which they could have been liable. A suit cannot proceed against an unspecified group designated "defendant medical personnel," but it may proceed against identifiable individuals, namely, the three I have identified, Holcomb, Doe and Nineman. The medical claim against only those three remains today.

IT IS ORDERED that:

1. the failure to protect claims are dismissed without prejudice in their entirety for failure to state a claim upon which relief may be granted;

2. the plaintiff's excessive force claim against the defendants Von Behren, Reisbig and Lucero remains viable and summonses may be issued and served on those three defendants;

3. the plaintiff's Eighth Amendment medical claim against the defendants Bruce Holcomb, John Doe, and Lori Ann Nineman remains viable and summonses may be issued and served on those three defendants;

4. all claims against all persons named in the complaint and not named in paragraphs 1, 2, or 3 of this order are dismissed without prejudice;

5. the clerk of the court shall send six summons forms and six U.S.M. 285 forms to the plaintiff together with a copy of this Memorandum and Order. The plaintiff shall, as soon as possible, and no later than July 15, 2009, complete the forms and send the completed forms back to the clerk of the court in order to obtain service of process on the defendants upon whom this order authorizes service.

6. The clerk of the court, upon receipt of the completed forms, will sign and forward the forms along with a copy of the complaint to the U.S. Marshal for service of process. The marshal shall serve the summonses and complaint without payment of costs or fees. Service may be by certified mail at the discretion of the U.S. Marshal pursuant to Fed. R.Civ. P. 4 and Nebraska law.

7. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until **September 10, 2009**, to complete service of process.

8. The plaintiff is hereby notified that failure to obtain service of process on a defendant by **September 10, 2009**, will result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

9. The clerk of court is directed to set a pro se management deadline in this case with the following text: "September 10, 2009: Check for completion of service of summons."

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated June 15, 2009.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge